UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

THE DESSALINES TRUST, a private trust,
DESSALINES SEALY, trustee,

Plaintiff,

- against -

33 HOLDINGS LLC; DANIELA A. ROWSON;
PHILLIP ROWSON; EXPANDED CONCEPTS
LLC; PUMA HOLDINGS LLC; SPLASH
INVESTMENTS LLC,

Defendants.

-----------------------------------------------------------X

**TRANSFER ORDER**
18-CV-2626 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On May 3, 2018, *pro se* plaintiff Dessalines Sealy,[1] a resident of the State of New York,

commenced this action against defendants concerning property located in Riverton, Utah.

Plaintiff Sealy paid the filing fee to commence this action. On June 28, 2018, plaintiff

Dessalines Sealy filed an amended complaint.

Pursuant to the venue provision governing civil actions in the district court, actions may

be filed in a judicial district where any defendant resides, if all defendants are residents of the

State in which the district is located, or in a district where a substantial part of the events or

omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b).

---

[1] Plaintiff Sealy is advised that a *pro se* non-attorney party cannot represent The Dessalines Trust. Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."); *see also Hale Joy Trust v. Comm'r of I.R.S.*, 57 F. App'x. 323, 324 (9th Cir. 2003) (holding that "[a] non-attorney trustee may not represent a trust *pro se* in an Article III court"); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) (holding that "a nonlawyer, such as these purported 'trustee(s) *pro se*' has no right to represent another entity, *i.e.*, a trust, in a court of the United States"); *Bell v. South Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) (non-attorney *pro se* plaintiff may not appear on behalf of a trust).

1

Here, plaintiff does not allege that any events occurred within this district or that any defendants are located in this district. Rather, plaintiff alleges that the property at issue is located in the State of Utah and that the following defendants are located in Utah: 33 Holdings LLC, Philip Rowson, and Splash Investments LLC. The remaining defendants are located in California and Nevada. Therefore, the Eastern District of New York is not the proper venue for this action.

Accordingly, this action is hereby transferred, in the interest of justice, to the United States District Court for the District of Utah. *See* 28 U.S.C. § 1406(a). The Court offers no opinion on the merits of the action. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived.

SO ORDERED.

Dated: Brooklyn, New York
      July 30, 2018

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge